FINDINGS OF FACT.

The petitioner resides in Greenwich, Conn. He was a member of the partnership known as Z. G. Simmons from April 1, 1923, the date of its formation.

The petitioner filed an individual income-tax return for the calendar year 1924, including therein the amount of $387,930.29, which was the portion of his distributive share of the partnership income attributable to the year 1923. The fiscal period of the partnership was from April 1, 1923, to March 31, 1924.

In computing the tax the Commissioner applied the rates imposed by the Revenue Act of 1921 to $387,930.29 without making an allowance of 25 per cent under section 1200 of the Revenue Act of 1924.

OPINION.

STERNHAGEN: The decision of the question involved in this proceeding is governed by *Appeal of Charles Colip*, 5 B. T. A. 123.

*Judgment will be entered for the Commissioner.*

---

APPEAL OF CHARLES L. WOODY.

Docket No. 9585.   Decided October 20, 1926.

*Raymond M. White, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the Commissioner.

Deficiency of $630.38 income tax for the calendar year 1924.

FINDINGS OF FACT.

The petitioner is an individual residing in Brooklyn, N. Y. He was a member of the partnership of Merrill, Rogers, Gifford & Woody from May 1, 1923, the date of its formation.

The petitioner filed an individual income-tax return for the calendar year 1924, including therein the amount of $24,000, which was his distributive share of the partnership income for its fiscal year of May 1, 1923, to April 30, 1924. Sixteen thousand dollars of this amount was his portion of the partnership income attributable to the year 1923.

In computing the tax the Commissioner applied the rates imposed by the Revenue Act of 1921 to $16,000 without making an allowance of 25 per cent under section 1200 of the Revenue Act of 1924.

OPINION.

STERNHAGEN: The decision of the question involved in this proceeding is governed by *Appeal of Charles Colip*, 5 B. T. A. 123.

*Judgment will be entered for the Commissioner.*

---

APPEAL OF LEAH BRUNT, ADMINISTRATRIX, ESTATE OF THEODORE S. BRUNT.

Docket No. 2869.    Decided October 21, 1926.

1. In view of the political nature of the power of Congress, the absence of any reference to Federal tax in respect of mineral rights in the Allotment Act of 1906, and the express and inclusive terms of the Revenue Act of 1918, *held*, that a member of the Osage Indian tribe is subject to income tax on royalties and proceeds from mineral rights of the tribe.

2. As Congress has plenary power over Indian affairs, the question whether Indians shall or shall not be taxed is a matter of legislative discretion, and when clearly exercised by statute may not be limited by construction.

3. The general rule of treating the Indians fairly and construing general legislation liberally in their favor does not require the construction of the plain language of the statute so as to exempt the Indians from tax. This is especially so in view of *The Cherokee Tobacco*, 11 Wall. 616, where the court upheld a Federal tax upon Indians.

4. The limitation upon the power of the States to tax the Indian or otherwise interfere with the constitutional power of Congress over Indian affairs is no measure of the power of Congress and no criterion of its exercise.

*T. J. Leahy, Esq.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the Commissioner.

The question is whether income received by a member of the Osage tribe of Indians, derived from the oil and gas rights of the tribe, is taxable. It is stipulated that if the income in question is held to be taxable there is for 1919 an overpayment of $43.37 and for 1920 a deficiency of $150.39.

FINDINGS OF FACT.

Leah Brunt is the administratrix of the estate of Theodore S. Brunt, who during his lifetime was an enrolled member of the Osage tribe of Indians and sustained tribal relations with said tribe in Oklahoma. During 1920 there was distributed to him $5,000 as his pro rata share of the proceeds from the sale of oil leases by the